FILED

1  ALAN G. CROWLEY, Bar No. 203438
   JACOB J. WHITE, Bar No. 263778
2  GARY P. PROVENCHER, Bar No. 250923
   WEINBERG, ROGER & ROSENFELD
3  A Professional Corporation
   1001 Marina Village Parkway, Suite 200
4  Alameda, California 94501-1091
   Telephone 510.337.1001
5  Fax 510.337.1023

2010 DEC -1 PM 12: 10

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY_____

6  Attorneys for Plaintiffs
   WENDY THOMAS and
7  SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 721

8

9                 UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

                 ED  CV  10  -  01846 VAP (DTB

11 WENDY THOMAS; SERVICE          ) No.
   EMPLOYEES INTERNATIONAL        )
12 UNION, LOCAL 721,              )
                                  )
13         Plaintiffs,            )
                                  ) COMPLAINT FOR DAMAGES,
14     v.                         ) INJUNCTIVE RELIEF, AND
                                  ) DECLARATORY RELIEF
15 COUNTY OF RIVERSIDE SHERIFF'S  )
16 DEPARTMENT; LARRY              ) DEMAND FOR JURY TRIAL
   GROTEFEND, individually and in his )
17 official capacity; COLLEEN WALKER, )
   individually and in her official capacity, )
18 DENNIS ERICK SCHERTELL,        )
   individually and in his official capacity; )
19 RICK HALL, individually and in his )
   official capacity; BRIAN McARTHUR, )
20 individually and in his official capacity; )
   HEATHER WOODS, individually and in )
21 her official capacity; MARGIE    )
   GEMENDE, individually and in her )
22 official capacity, and DOES 1 through )
   10,                           )
23                               )
           Defendants.          )
24

25

26

27

28
WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF          126381/598465

## I.     PREFATORY

1.     This is an action for damages and injunctive relief for personal injury suffered by plaintiff Wendy Thomas ("Thomas") and SEIU Local 721 ("SEIU" or "Union") as a result of wrongful retaliation for the lawful exercise of individual civil rights and liberties of free expression and participation in labor, union, and political activities.

2.     Plaintiffs Thomas and SEIU seek to exercise their First Amendment rights of speech and association to engage in Union related activities without being subjected to defendants' practices of discrimination and intimidation.  SEIU desires to have its members be able to gather together and promote the activities of SEIU including, but not limited to, organizing other County employees, representing County employees in contract negotiations regarding collective bargaining agreements, and advancing legislative proposals before the County Board of Supervisors that are beneficial to SEIU members, County employees, and Riverside County residents.

## II.     JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1331, as this action arises under the First and Fourteenth Amendments to the United States Constitution; under 28 U.S.C. § 1343(a)(3), in that Plaintiffs seek redress for deprivations made under color of state law rights, privileges, and immunities secured by the United States Constitution; under 28 U.S.C. § 1343(a)(4), in that Plaintiffs seek damages and equitable relief under 42 U.S.C. § 1983, which provides a cause of action for the protection of civil rights; under 42 U.S.C. § 1988(b) for an award of attorneys' fees; under 28 U.S.C. § 2201(a) to secure declaratory relief; and under 28 U.S.C. § 2202 to secure preliminary and permanent injunctive relief.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 2 -

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF

126381/598465

1     4.     Venue is proper in the United States District Court for the Central

2  District of California under 28 U.S.C. § 1391(b), because the events giving rise to

3  the claims described in this Complaint occurred within Riverside County.

## III.    PARTIES

5     5.     Plaintiff Service Employees International Union, Local 721 ("SEIU" or

6  "Union") is an unincorporated association and employee organization within the

7  meaning of California Government Code § 3501(a), in that SEIU includes within its

8  membership employees of various public agencies, including the County of

9  Riverside, and has as its primary purpose representation of those employees and their

10  employment relations with public agencies.  SEIU represents approximately 6,000

11  Riverside County employees for bargaining units.

12     6.     Plaintiff Wendy Thomas is employed by defendant County of Riverside

13  Sheriff's Department in the capacity of Sheriff's Communications Supervisor.  She

14  has worked for the Sheriff's Department in various positions since 1996.  Thomas

15  performed her duties competently and without difficulty while at all times employed

16  by the Sheriff's Department.  Prior to defendants retaliation against the exercise of

17  her First Amendment rights, Thomas had never been disciplined and had always had

18  excellent performance evaluations.  Beginning in 2008, Thomas became active in

19  collective bargaining and other union activities.  She was a central negotiator on

20  behalf of SEIU during the 2009 and 2010 contract negotiations. In 2010, she was

21  elected to the SEIU Executive Board as a Regional Vice President.

22     7.     Defendant County of Riverside is a municipal corporation and at all

23  times mentioned herein has been the employer of Wendy Thomas.  The County of

24  Riverside is the employer of approximately 6,000 employees represented by SEIU.

25  The remaining individual defendants, sued here in both their personal and official

26  capacities, were at all relevant times mentioned herein employees and/or agents of

27  Riverside County.

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 3 -

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF

8.     Defendant Riverside County Sheriff's Department (the "Sheriff's Department") is an operating department of the County.  At all times relevant herein for all purposes connected with the management of employment relations matters within the Riverside County Sheriff's Department, the County delegated its final policy-making authority to defendant Sheriff's Department.  The County adopted and ratified each of the decisions of the Sheriff's Department as alleged herein as its own policies, customs, practices, or decisions as if the same had been promulgated directly by the County.

9.     Defendant Larry Grotefend is a Sheriff's Captain for the Riverside County Sheriff's Department at all relevant times to this complaint.  In doing the things alleged herein, Grotefend acted under color of state law, within the course and scope of employment, and as an official policy-maker for the County.  As a Captain in charge of the Communications and Information System Bureaus of the Sheriff's Department, Grotefend is vested with policymaking authority over actions such as the ones at issue in this complaint.

10.     Defendant Colleen Walker was a Chief Deputy, Assistant Sheriff or Undersheriff for the Riverside County Sheriff's Department at all relevant times to this complaint.  In doing the things alleged herein, Walker acted under color of state law, within the course and scope of employment, and as an official policy-maker for the County.  As a Chief Deputy, Assistant Sheriff or Undersheriff in charge of bureaus operating within the Sheriff's Department, Walker is vested with policymaking authority over actions such as the ones at issue in this complaint.

11.     Defendant Rick Hall is a Chief Deputy for the Riverside County Sheriff's Department at all relevant times to this complaint.  In doing the things alleged herein, Hall acted under color of state law, within the course and scope of employment, and as an official policy-maker for the County.  As a Chief Deputy in

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF

charge of Administration and Training for the Sheriff's Department, Hall is vested with policymaking authority over actions such as the ones at issue in this complaint.

12.   Defendant Dennis "Erick" Schertell is a Lieutenant for the Riverside County Sheriff's Department at all relevant times to this complaint. In doing the things alleged herein, Schertell acted under color of state law, within the course and scope of employment, and as an official policy-maker for the County. As a Lieutenant in charge of the Communications and Information System Bureaus within the Sheriff's Department, Schertell was vested with policymaking authority over actions such as the ones at issue in this complaint.

13.   Defendant Heather Woods is a Sheriff's Communications Manager for the Riverside County Sheriff's Department and at all relevant times to this complaint. In doing the things alleged herein, Woods acted under color of state law, within the course and scope of employment, and as an official policy-maker for the County. As a Sheriff's Communications Manager in charge of the Communications Centers within the Sheriff's Department, Woods is vested with policymaking authority over actions such as the ones at issue in this complaint.

14.   Defendant Margie Gemende is a Sheriff's Communications Manager for the Riverside County Sheriff's Department and at all relevant times to this complaint. In doing the things alleged herein, Gemende acted under color of state law, within the course and scope of employment, and as an official policy-maker for the County. As a Sheriff's Communications Manager in charge of the Communications Centers within the Sheriff's Department, Gemende is vested with policymaking authority over actions such as the ones at issue in this complaint.

15.   Defendant Brian McArthur is the Director of Employee Relations, County of Riverside Human Resources Department and at all times relevant to this complaint. In doing the things alleged herein, McArthur acted under color of state law, within the course and scope of employment, and as an official policy-maker for

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 5 -

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF

1  the County.  As the Director of Employee Relations, McArthur is vested with

2  policymaking authority over actions such as the ones at issue in this complaint.

3      16.    Defendant DOES 1 through 10 are not known or identified at this time.

4  On information and belief, Plaintiff allege that each DOES is in some manner

5  responsible for the wrongs alleged herein, and that each such defendant advised,

6  encouraged, participated in, ratified, directed, or conspired to do, wrongful acts

7  alleged herein.  When the true names and capacities of said defendants become

8  known, plaintiffs will seek relief to amend this complaint to show the true identities

9  in place through their fictitious names as DOES 1 through 10.

10      17.    Defendants, and each of them, were the agents, employees, and servants

11  of every other defendant.  Defendants acted in the course and scope of said agency,

12  service, and employment at all relevant times.

13                    **IV.    FACTS**

14      18.    On or about June 1996, plaintiff Thomas was hired by defendants as a

15  Public Safety Communications Officer.  She progressed through various levels of

16  her classification, eventually getting promoted to Sheriff's Communications

17  Supervisor in approximately 2005.  While at all times employed by the Sheriff's

18  Department, Thomas performed her duties competently and without difficulty.

19  Prior to defendants retaliation against her for the exercise of her First Amendment

20  rights, Thomas had never been disciplined and had always had excellent

21  performance evaluations.

22

23  ***Plaintiff Wendy Thomas' Protected Speech, Labor, And Political Activities***

24      19.    In late 2008, Thomas chose to serve on SEIU's collective bargaining

25  committee to help negotiate a new Memorandum of Understanding between the

26  County of Riverside and SEIU for approximately 6,000 employees.  She also

27  became interested in helping SEIU, and her County co-workers, to resist and bargain

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF

1  against the County's efforts to reduce wages, fringe benefits, and other beneficial

2  terms and conditions of employment. SEIU's collective bargaining committee,

3  consisting of County employees and SEIU representatives, appointed Ms. Thomas as

4  the scribe/recordkeeper for the 2009 MOU negotiations.

5      20.    Thomas has actively taken part in numerous speech, labor, and political

6  activities in her capacity as a representative of SEIU.  Her speech in this regard was

7  as a private citizen and her speech was not required pursuant to her official duties as

8  a Sheriff's Communications Supervisor public employee.  Her speech fell outside of

9  her official job description.  Thomas was not paid or compensated for her speech.  A

10  few of her speech, labor, and political activities are listed below.

11      21.    During the 2009 Memorandum of Understanding negotiations between

12  SEIU and defendant County of Riverside, Thomas typed contemporaneous notes

13  during collective bargaining sessions, drafted many SEIU bargaining proposals, and

14  summarized SEIU's position. Between March 26, 2009 and August 15, 2009, there

15  were approximately 25 collective bargaining sessions between the County and SEIU.

16  During those bargaining sessions, Ms. Thomas frequently represented the position of

17  SEIU both in new proposals to the County and responding to County proposals.

18      22.    During the 2009 negotiations, the County sought many concessions,

19  both monetary and non-monetary, from the County employees represented by SEIU.

20  The negotiations were acrimonious, lengthy, and tense.  Late in the negotiations, the

21  County imposed a last, best, and final offer on SEIU and declared an impasse in the

22  bargaining.

23      23.    In an effort to avoid or lessen SEIU's members receiving reductions in

24  pay and benefits, the County and SEIU agreed to convene public cost saving and

25  efficiency meetings, which were highly attended by County employees and members

26  of the public.  Thomas actively participated and led portions of those taskforce

27  meetings, which took place in June 2009.

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF

24.     On or about June 4, 2009, Plaintiff Thomas spoke in front of approximately 600 people at a public rally held outside SEIU's Riverside office, to publicly discuss the negotiations with the County and to raise support for SEIU's bargaining positions.

25.     On or about June 29, 2009, Thomas spoke in front of approximately 750 people at the Riverside County Convention Center about the state of negotiations with the County and to raise support for the SEIU's bargaining positions.

26.     In July 2009, Thomas attended Riverside County Board of Supervisor public meetings with other SEIU represented employees.  She also spoke privately with various members of the Riverside County Board of Supervisors, within the presence of County negotiators, about the negotiations between SEIU and the County.  On or about July 13, 2009, Thomas actively participated in a public rally with over 600 people to form a human chain around the County Administration Center.  The event received extensive media attention and Thomas was prominently featured and quoted on KABC news, newspaper articles, and SEIU's website.

27.     Since June 2009 to present, Thomas has been featured in numerous photographs, website articles, e-mail blasts, and informational flyers distributed at work sites to educate SEIU members or to encourage their active participation in union activities.

28.     On or about July 9, 2009 Thomas was featured on the SEIU contract video mailed out to 6,000 County members and posted on the SEIU website.

29.     On or about July 31, 2009 Thomas was interviewed by a radio talk show (89.3 KPCC) and featured on Southern California Public Radio (SCPR) for "Riverside County Union Workers Protest Budget Cuts, Stalled Contract Talks."

30.     On or about August 6, 2009, Thomas participated as the Master of Ceremonies at the SEIU General Membership Meeting for over 700 members at the Riverside Convention Center.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF

31.     On or about September 1, 2009, the Riverside County Board of Supervisors approved the 2009-2010 MOU for a one year term between SEIU and the County.

32.     Between the conclusion of the 2009 negotiations and the start of the 2010-2011 MOU negotiations, Thomas won the majority vote in the Inland Empire Region and was elected to the SEIU Executive Board as a Regional Vice President in March 2010.

33.     Between August 2009 and October 2010, Thomas participated in and led numerous political endorsements, Union Town Hall meetings and other associated union activities.  On or about January 30, 2010, Thomas was the Master of Ceremonies for the SEIU Vision Conference held at the Moreno Valley Conference Center, which was attended by hundreds of members along with over 50 elected officials, economic experts, community and business leaders.  On or about June 16, 2010 Thomas was invited to speak at the Inland Region PSAP Manager's Meeting at the Ben Clark Training Center about the need for greater collaboration between unions and political partnerships to lobby for 9-1-1 professionals.  On or about July 14, 2010, Thomas hosted the SEIU Political Celebration at Casino Morongo to honor SEIU endorsed candidates that had been successful in their bid for office.  On or about October 26, 2010, at the SEIU General Membership meeting at the Moreno Valley Conference Center where SEIU announced its partnership with LIUNA and other union leaders, Thomas encouraged the crowd to actively participate and make contributions to the Committee on Political Education (COPE).

34.     Since approximately February 2010, Thomas has prepared and filed approximately 14 grievances on behalf of various SEIU members over numerous County and Sheriff's Department violations of the MOU.  While representing these members or SEIU in the processing of those grievances, Thomas met with defendants at various stages of the grievance and arbitration process.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510 337 1001

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF

35.     In approximately October 2009, Thomas assisted SEIU in filing an unfair labor practice charge with the Public Employment Relations Board over the County's unilateral decision to stop paying automatic salary step increases for County employees whose step increase dates fell on July 31, 2009.  Defendants withheld salary increases from several hundred employees, which, on information and belief, defendant County claims saved the County over $1 million.  The Public Employment Relations Board issued a complaint, evidence was presented in four days of hearing in August through October 2010, and Thomas was a representative and key witness for the Union at the trial.

36.     In March 2010, Thomas assisted SEIU in making a California Public Record Act request under Government Code § 6250 to defendant County to recover public documents on various subjects.  After defendants refused to provide any public documents, in June 2010, Thomas assisted SEIU in filing a lawsuit in Riverside County Superior Court over the County's failure to comply with the California Public Record Act.

37.     During the 2010 MOU negotiations between the County and SEIU, Thomas was a principal spokesperson and primary negotiator for SEIU. She helped craft many of SEIU's proposals and counterproposals.  She participated in public rallies to gather support for SEIU in its negotiations.  She was featured in numerous SEIU website articles, e-mail blasts, and informational flyers distributed at work sites.  She signed the final Memorandum of Understanding between the County and SEIU, on behalf of over 6,000 County employees, for the 2010-2011 year.

38.     In addition to her political activities during the 2010 MOU negotiations, Thomas led the County's Compaction Committee Task Force, was the Employee Chairperson of the County Labor-Management Committee and Sheriff's Labor-Management Committee, and met and conferred with the County over numerous issues.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 10 -

39.    In approximately March 2010, Thomas actively participated in facilitating the filing of an unfair labor practice charge with the California Public Employment Relations Board ("PERB") over the County violation of various provisions of the Meyers-Milias-Brown Act, Government Code § 6250 et seq.  To this date, PERB has yet to act on SEIU's charge.

40.    In response to harassment from Sheriff's Department managers, plaintiffs filed a complaint with the County and Sheriff's Department through the internal complaint mechanisms, which was investigated by the Sheriff's Department Internal Affairs Division and assigned complaint number PERS 09221004.

41.    In June 2010, Thomas submitted an article for the Department's internal newsletter "The RSO Reader" highlighting SEIU's participation at a Diabetes fundraising event with SEIU represented employees within the Sheriff's Department.

42.    On or about November 16, 2010, SEIU announced to Defendants that Thomas had been re-elected to the 2011-2012 MOU bargaining team without any opposition.

***Retaliatory Actions Taken By Defendants Against Thomas For Her Speech And Political Activities***

43.    Around September 2008, Lieutenant John Pingel and Manager Heather Woods pulled Thomas into an office and reprimanded her for talking to supervisory peers about upcoming union issues without obtaining prior approval from Defendant Grotefend.

44.    As Thomas started participating in union activities and the 2009 MOU bargaining team was being assembled, Defendant Woods removed Thomas from her position as the Chairperson of the Patrol-Dispatch Committee.  Thomas had served on that committee for several years.  She was told she could no longer serve on the Committee because she was also assigned to the Dispatch Training Unit even though she had already been on the Dispatch Training Unit for several months and there had

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 11 -

1   been no complaints about any of her work.  It was not until after Defendants became

2   aware of her union involvement and speech that she was removed from the Patrol

3   Dispatch Committee.

4        45.    Thomas notified Defendant Grotefend on or about March 26, 2009 that

5   she was supposed to be released for collective bargaining.  Immediately following

6   Thomas' attendance at the first bargaining session and Thomas' notification to

7   Grotefend that she planned on participating in collective bargaining sessions through

8   June 2009, Defendants' removed Thomas to a remote work site and provided her a

9   work space that was substandard compared to that given to other supervisory

10  employees at the same facility, even though supervisory office space was available at

11  the time. **This was the first of three involuntary transfers the Sheriff's**

12  **Department made of Thomas in the span of less than two years.**

13       46.    During the 2009 collective bargaining, Sheriff's Dispatch management

14  made several statements referring to Thomas' participation in union activities. On

15  May 13, 2009, at about 0700 hours, Defendant Schertell summoned Thomas into his

16  closed office. He told Thomas that Defendants Walker and Grotefend had received a

17  complaint about her instructions to a Communications Training Officer (CTO) to

18  correct a performance evaluation they had prepared on a trainee.  Defendant

19  Schertell said the manner the complaint was being handled was not routine. He also

20  told Thomas not to wear her Sheriff's Department uniform to negotiations because

21  her name "*was being tossed around*" by the Sheriff's Executive Staff and it was not

22  good.  Schertell suggested that Thomas just lay low and not do anything to stand out

23  during negotiations.  Schertell warned Thomas to watch who she was talking to

24  about disagreements with Sheriff's Department policies. Schertell expressed concern

25  about the Chief and Captain knowing better than to become involved in Thomas'

26  protected union activity.

27

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 12 -

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF

47.    Due to these warnings, on May 14, 2009 Thomas requested to be removed from the SEIU contract bargaining team out of fear of retribution and possible disciplinary actions for her participation.  Members of the SEIU bargaining team, however, convinced Thomas to remain on the bargaining team despite Defendants' threats.

48.    On or about June 1, 2009, and during the 2009 MOU negotiations, a local newspaper "The Press-Enterprise" ran an article about the Sheriff's Department granting pay raises to their executive staff during the 2009 budget crisis. An SEIU member was quoted in the article criticizing the Sheriff's Department's decision. The following day on June 2, 2009 under the direction of Defendant Grotefend, Defendant Woods initiated a vague personnel investigation of Thomas.  Defendant Woods told Thomas that although the complaint was vague, it was the best they could come up with at the time.

49.    On June 3, 2009, Defendants removed Thomas' supervisory responsibilities for the trainees assigned to the Desert Dispatch Center. Defendant Gemende said they felt Ms. Thomas was "*too busy*" during MOU negotiations and "*thought they would help*" by removing Thomas' duties.  There had been no reports or complaints that Thomas' work with the Sheriff's Department was impacted by the MOU negotiations.

50.    On June 9, 2009, Defendant Woods made negative comments to Thomas about the "*stupid ideas*" for the Sheriff's Department that came from the SEIU Efficiency Summit.  Sheriff's Communications Supervisor Tanya Smith was present and commented that things seem to have gotten worse for Thomas since she became involved with SEIU.

51.    On July 2, 2009, Defendant Woods said they couldn't just wait around for Thomas since she was in negotiations. Woods later admitted she should not have made the comment.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF

126381/598465

52.    In September 2009, Defendant Gemende commented to others that she was upset with premium pay provisions of SEIU MOU, because some supervisors could make more money than Gemende due to new language Thomas helped negotiate.  Gemende is not in SEIU's bargaining units.

53.    Defendants' managers explicitly stated to Thomas that the Defendants' actions against her were because of her union activities. In September 2009, Thomas was removed from the Uniform Committee, because Defendant Grotefend told the Communications Managers that it was his belief that Thomas' union activities, such as participation in monthly Labor-Management & Union Steward meetings, were taking too much time and he wanted to remove some of Thomas' responsibilities. There had been no reports or complaints that Thomas' traditionally stellar work product had diminished.

54.    In October 2009, when Thomas asked Defendant Schertell why Defendant Grotefend was targeting her, Schertell responded that Grotefend *"becomes obsessed with things and right now you're his obsession."* Schertell said Grotefend's perception was that Thomas was stretched by her union speech and activities.

55.    On October 9, 2009, following Thomas' appearance at a Board of Supervisor's meeting where she publicly spoke out against mandatory furloughs for SEIU represented employees and after being interviewed by a local newspaper "The Press-Enterprise," Defendant Grotefend instructed Defendant Schertell to begin tracking and reporting on Ms. Thomas' use of release time for union activities on a monthly basis.  This monitoring was very different than that required of any other employees.

56.    On October 13, 2009 Thomas reminded Schertell that the County did not have any payroll time reporting codes (TRC) for tracking of union activities or any history of any other County employee being required to track their union time

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510 337 1001

- 14 -

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF

126381/598465

1   and activities.  On or about October 22, 2009 on the first pay period following

2   Thomas being required to track her union activities, a new time reporting code for

3   tracking union activities (UNTME) was created.

4       57.   Defendant Grotefend selectively directed e-mail regarding the use of

5   this new tracking code from the Sheriff's payroll division to Thomas, even though

6   Grotefend had other SEIU and LIUNA represented employees under his command.

7   On information and belief, no other employees subject to paid release union time

8   were required to track their union time or utilize this new payroll code other than

9   Thomas.

10       58.   Defendant Grotefend also attempted to place a monthly 8-hour limit on

11   Thomas' use of paid release time for union activities.  This was different than any

12   other County employee and in violation of the Memorandum of Understanding with

13   SEIU. Defendants attempted to intimidate Thomas from further participation in

14   union activities by advising her she would have to utilize her own leave banks if she

15   exceeded this monthly limit.  Defendants demanded Thomas explain how the

16   Sheriff's Department was going to be reimbursed for Thomas' wages for her paid

17   release time spent on union activities.  Thomas was subsequently removed from the

18   direct release time notification process and Defendants routinely failed to notify

19   Thomas of approved release time notices in a timely manner.

20       59.   Defendants attempted to intimidate and interfere with Thomas and her

21   co-workers after Thomas notified Defendants that they were not complying with

22   provisions of the MOU.  On or about October 15, 2009, Defendant Woods sent an e-

23   mail to Thomas, and other supervisors, with such a derogatory tone that other

24   supervisory SEIU members were deterred from voicing complaints or filing

25   grievances out of a fear of being singled out and blamed for any change in policy,

26   even if the objection concerned Defendant's violations of the MOU. On or about

27   February 2010, Thomas filed several grievances on behalf of SEIU represented

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 15 -

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF

1   employees within the Sheriff's Department and herself regarding proper

2   compensation for overtime, bonuses, and/or shift differentials.  Once the first

3   grievances were filed, Defendants began retroactively removing other compensation

4   from Thomas, including overtime and shift differentials from previous pay periods.

5       60.    The County and Sheriff's Department refused to recognize or

6   communicate with Thomas as a union Steward or representative involving various

7   SEIU issues.  On or about September 29, 2009 Thomas was barred from

8   participating as the SEIU representative in discussions with County Human

9   Resources and Sheriff's Dispatch management regarding the County's new

10  interpretation of existing MOU language on the payment of shift differentials.

11  Sheriff's Dispatch management failed to respond to Thomas' inquiries on problems

12  related to the proper payment of retention bonuses for Senior Sheriff's 911

13  Communications Officers until Thomas filed a grievance on behalf of the grievants.

14      61.    Defendants refused to allow Thomas access to a union bulletin board

15  for SEIU represented employees in a common area at Thomas' work site until

16  Thomas filed a grievance in February 2010.  Thomas was only provided with such

17  bulletin board after SEIU agreed to pay for the purchase of a bulletin board equal in

18  size to the one provided free of charge to LIUNA represented employees.

19      62.    On or about October 28, 2009, Thomas spoke to then-Undersheriff

20  Valerie Hill and Defendant Colleen Walker regarding harassment by Defendants

21  over Thomas' speech and union activities. The investigation was handled by

22  Sheriff's Investigator Jason Trudeau and assigned complaint number

23  PERS 09221004.  In her internal complaint, Thomas listed various incidents of

24  retaliation committed by Defendants and various witnesses to said incidents.

25  Thomas and her spouse were placed under a strict gag order until approximately ten

26  months later in September 2010, when the Sheriff's Department informed Thomas

27  that all but one of her charges had been denied.  The Department refuses to provide a

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF

126381/598465

1  copy of the Internal Affairs report or to inform her about which of her charges had
2  been partially sustained.  On information and belief, very few of the witnesses that
3  plaintiff Thomas listed in her complaint were actually interviewed or contacted by
4  Internal Affairs.  In December 2009 during the investigation, the Department
5  attempted to record all of Thomas' personal time during non-working hours that she
6  spent on union activities.

7       63.     In late November 2009, during Thomas' interviews with Sheriff's
8  Internal Affairs, she made a complaint that her privacy had been violated when the
9  Department openly shared the allegations made in a complaint against her with her
10  supervisory peers.  On or about January 21, 2010 Captain Patricia Knudson of
11  Internal Affairs reminded Sheriff Commanders to bifurcate these types of personnel
12  reports.

13       64.     In January 2010, in direct retaliation for Thomas requesting to
14  participate in an educational training opportunity sponsored by SEIU, Defendants
15  refused to allow her to participate in any further training opportunities directly
16  related to her position as a Sheriff's Communications Supervisor responsible for the
17  Dispatch Training Unit.

18       65.     On January 6, 2010 Undersheriff Valerie Hill sent an e-mail to Local
19  721 Regional Director Steve Matthews regarding new union tracking codes and
20  commented on how it was *"interesting that just SEIU & LIUNA were being singled
21  out"* by County Human Resources, LIUNA employees were not required to track
22  their union time, rather only some SEIU representatives and Thomas.  On
23  February 9, 2010 yet another union time tracking code was established to track SEIU
24  union activities (UNSEU).  On April 6, 2010 Lt. Terry Woods directed Thomas to
25  start using this new tracking code to report her union activities on payroll sheets, as
26  well as list them on her work schedule calendar.

27

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 17 -

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF

66.     On or about January 12, 2010, Riverside County Board of Supervisor John Benoit requested to meet with Thomas at her worksite. Thomas immediately notified her supervisor, Defendant Schertell.  Defendant Schertell reprimanded Thomas for interacting with an elected official even though Supervisor Benoit had requested to speak with her.  Thomas was told by Schertell that her actions could be perceived as being overly aggressive and overstepping her boundaries.

67.     On or about January 26, 2010, Defendants attempted to restrain Thomas and fellow SEIU member/co-worker, Senior Sheriff's 911 Communications Officer Pauline Soria, from utilizing paid release time to participate in educational training sponsored by SEIU and allowed under provisions of the MOU. Defendants continuously made up new reasons to refuse to allow Soria to participate in union activities with Thomas.

68.     On or about February 2, 2010 following her prominent role in the SEIU Vision Conference, attendance at numerous political events, and nomination to the SEIU Executive Board, Defendant Schertell warned Thomas it was not in her best interest to question a Chief Deputy's decision or make people in high places mad. Schertell informed Thomas the Department did not care if the County's Human Resources Department approved release time under provisions in the MOU, because the Sheriff's Department followed its own interpretation and application of the MOU.

69.     Defendant Schertell also ordered Thomas not to participate in any further union activities or solicit any other Department member to assist her with union activities without his prior knowledge and approval. Schertell told Thomas they didn't really care what kind of relationship Thomas or SEIU thought they had with higher ranking individuals or elected officials.

70.     In February 2010, and immediately following SEIU's notification to Human Resources that Thomas would be participating in the 2010 negotiations,

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 18 -

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF

126381/598465

1  Thomas was stripped of her remaining duties as a Dispatch Training Unit Supervisor
2  and transferred to another facility. Thomas' staff was reduced, she was removed
3  from supervising any SEIU members, and her workload was increased by an
4  assignment to perform all of the duties previously handled by several subordinate
5  employees.  This demotion occurred despite Defendant Schertell informing Thomas
6  on December 21, 2009, that she would remain in her position within the Dispatch
7  Training Unit until her internal complaint was resolved.

8      71.    On or about February 16, 2010 Thomas met with Captain Richard Coz
9  regarding her new assignment at the Ben Clark Training Center.  Coz commented to
10  Thomas and Sheriff's 911 Communications Officer II Griselda Valdivia that
11  transfers such as these usually only remain in effect until someone else messed up
12  worse and got on the Sheriff's Administration's wrong side.  On or about February
13  17, 2010 Thomas met with her new supervisor, Lieutenant Terry Wood, who
14  confirmed the increased work load being placed on Thomas, while advising her that
15  they expected her new job duties to take priority over her participation in union
16  activities, including collective bargaining.

17      72.    In February 2010, Thomas was completely removed from the regular
18  supervisor work schedules and placed on a new schedule created by Defendant
19  Schertell for the purpose of tracking Thomas' union activities.

20      73.    On February 19, 2010 using her personal e-mail and during off duty
21  hours, Thomas tried to obtain information about retroactive pay owed to SEIU
22  members.  Although Defendant Hall had previously identified himself to SEIU and
23  Thomas as the labor relations representative for the Sheriff's Department, Hall now
24  responded that Thomas should use the appropriate channel and submit these requests
25  via the Department's established chain of command. The Defendants insisted
26  Thomas maintain a "master-servant" relationship with the Department, even though

27

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF

126381/598465

1  Thomas was acting solely in her capacity as a union representative when she

2  inquired into the retroactive pay issues.

3       74.   Defendants attempted to exclude Thomas from participation in union

4  activities relating to meet and consults.  On or about March 2010, Defendant Walker

5  initially excluded Thomas from a Department Directive #10-009 to attend a parity

6  discussion regarding Account Technicians in the Sheriff's Department until SEIU

7  Regional Director Steve Matthews intervened on Thomas' behalf.  On or about April

8  2010, Defendant McArthur attempted to exclude Thomas from participating in side

9  bar discussions regarding collective bargaining for the 2010-2011 MOU.

10      75.   On or about March 4, 2010, without any prior notification Defendant

11 Gemende removed Thomas' normal supervisory access to certain email groups.

12 Thomas was also excluded from supervisory information, promotional processes,

13 awards presentations (even when Thomas was a recipient) and supervisor staff

14 meetings.

15      76.   On or about March 2010, Defendants changed Thomas's work place for

16 the second time. **This second involuntary transfer placed Thomas into a small**

17 **room, with no windows, and very poor ventilation.**  The relocation also

18 completely removed Thomas from any direct contact or communication with other

19 SEIU represented employees and other Advanced Officer Training personnel located

20 in the modular buildings.

21      77.   On March 24, 2010, SEIU submitted a California Public Record Act

22 request for Sheriff's Department emails to and from certain employees pertaining to

23 Thomas, SEIU, and other subjects.  Initially, the Department indicated it would

24 produce about 20,000 pages of documents, but then the Department refused to

25 provide a single document. Later, in June of 2010, SEIU sued the County in

26 Riverside Superior Court for violating the California Public Records Act laws by

27 failing to provide any documents responsive to SEIU's public record act request.

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 20 -

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF

78.    On or about April 9, 2010 Thomas arrived at work to find her access rights to all Sheriff's Department computer servers had been removed by Defendant Gemende without any prior notification, thus rendering Thomas unable to perform her duties.

79.    Also on or about April 9, 2010, Thomas's County issued vehicle had been removed from the dedicated Dispatch Training Unit parking spot at her work site, even though Thomas had possession of the vehicle's keys.  Sergeant Zachary Hall informed Thomas he had been ordered to immediately remove Thomas' vehicle.  With the help of other personnel, Sergeant Hall manually pushed the vehicle out of the dedicated parking spot to an area on the other side of the parking lot.

80.    On or about May 6, 2010, after being notified that she would receive a stipend from SEIU, Defendants directed Thomas to submit an application with the Sheriff's Department and the County for approval of "outside employment." Thomas was not employed by SEIU, rather, she was only receiving a monthly stipend for performing work as an elected Executive Board member on behalf of SEIU during her non-County working time.

81.    In June 2010, Thomas submitted an article for the Department's internal newsletter "The RSO Reader" highlighting SEIU's participation at a Diabetes fundraising event with SEIU represented employees within the Sheriff's Department. The Sheriff's Department removed the title of SEIU 721 Regional Vice President from Thomas' article submission, although other union leaders and Department members are routinely identified by their positions within their unions, such as the Riverside Sheriff Association (RSA) President Pat McNamara.

82.    On or about June 14, 2010, Human Resources attempted to deny Thomas paid release time, as provided under provisions of the MOU, to represent an SEIU member during a grievance hearing.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 21 -

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF

83.     In an effort to pursue another internal method to remedy the harassment, on or about August 24, 2010 Thomas spoke to Defendant McArthur and Senior Human Resources Analyst William Berkley regarding the continued harassment by Defendants in the Sheriff's Department over Thomas' speech and union activities. Thomas also reported her fear of further retaliation and retribution for making this complaint.  McArthur and Berkley stated the allegations would be a violation of the Board of Supervisor's C-25 Policy against discrimination for these types of activities and they were mandated to investigate such a complaint.  On belief, no such investigation has ever been initiated or conducted by McArthur, Berkeley, or any other Riverside County Human Resources Department employees.

84.     On or about September 15, 2010 while meeting with Defendant Hall about various Union grievances, Defendant Hall referenced Thomas' union role and participation along with her Internal Affairs complaint, and the filing of the PERB charge against the Sheriff's Department.  Defendant Hall advised Thomas he was considering placing restrictions on her working overtime at the Dispatch Center and her use of personal break time.  Defendant Hall then stated he was also going to deny Thomas' application for "outside employment", even though Thomas was not employed by SEIU, only receiving a stipend for her personal political role on SEIU's Executive Board.

85.     On information and belief, Defendants have never denied the receipt of stipends or other means of remuneration or compensation provided by unions to other County or Sheriff's Department employees elected or appointed to Union positions.  On or about September 29, 2010 Thomas filed a grievance for the denial of her union stipend.

86.     On or about September 17, 2010, Defendant McArthur told Thomas that the Sheriff's Department was afraid of her.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 22 -
COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF

126381/598465

87.   On or about October 4, 2010, Defendants placed restrictions on Thomas' use of her personal break time while working overtime at the Dispatch Center.  On information and belief, Defendants have not placed similar restrictions on any other County or Sheriff's Department employees.

88.   On or about October 21, 2010, Plaintiff Thomas, while representing SEIU, communicated with Defendant McArthur via emails over violations of the MOU.  Defendant McArthur informed Thomas that her written communications were inappropriate for a County employee and insinuated she could be disciplined for the manner in which she communicated with County Human Resources about the grievances. Defendant McArthur sent his email to Thomas to several County Human Resource Department employees and the County's outside legal counsel.

89.   On or about November 19, 2010, SEIU Regional Director Steve Matthews provided written notification to County Human Resources Department that Thomas was a fully authorized representative of the Union; however, Human Resources continues to fail to respond to information requests made by Thomas on behalf of SEIU.

90.   On or about November 16, 2010, SEIU announced Thomas had been re-elected to the 2011-2012 MOU bargaining team without any opposition. **The following day, Thomas was informed she was going to placed back under the command of Defendant Grotefend and transferred, for a third time, to another work site.** Thomas asked her direct supervisors why she was being transferred. They said they didn't know, had no issues with her work performance, and that the order to transfer her came from higher up in the administration.

91.   This is the third time the Sheriff's Department involuntarily transferred Thomas, in less than two years, since she began actively exercising her rights of free speech and association and began her involvement with SEIU.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 23 -

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF

126381/598465

*Retaliation, Discrimination, Harassment Against Other SEIU Members For Union Activities And Free Speech*

92.     Thomas reported that many of her co-workers stopped participating in Union activities or openly associating with Thomas, because they are afraid of facing the same retaliation that has been directed at Thomas.

93.     On September 10, 2009 Defendant Woods discouraged a co-worker of Thomas', Sheriff's Communications Supervisor Debbie Oliva, from attempting to reward Thomas for her participation in union related activities. Woods reprimanded Oliva for using the County e-mail system to solicit donations from her peers for a "thank you" gift for Thomas following the conclusion of the 2009 collective bargaining.  In contrast, on or about August 18, 2009 Woods had advised a LIUNA represented employee that they could utilize the County e-mail system for union related communication as long as they did not attempt to organize a labor action against the Department.

94.     On or about February 11, 2010, a co-worker of Thomas, Senior Sheriff's 911 Communications Officer Pauline Soria, agreed to go with Thomas to a Union function.  Afterward, Soria was immediately removed from Thomas' direct supervision.  On or about February 17, 2010, Thomas filed a grievance on behalf of Soria over Defendant's denial of her attendance at an educational training opportunity sponsored by the Union.  After the grievance was filed, Soria was notified she was being removed from her special assignment in the Dispatch Training Unit.

95.     Another co-worker of Thomas, Sheriff's Communications Supervisor Kathy Brown, reported that Defendant management tried to persuade her to change a statement about Thomas. Defendant wanted the statement to sound worse than what actually occurred in order to discipline Thomas. On or about February 17, 2010, Thomas was verbally counseled by Lieutenant Terry Wood about her inappropriate behavior as reported by Defendant Grotefend. However, information from Grotefend

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF

126381/598465

1  conflicted with factual occurrence and statements from the sole witness, Kathy

2  Brown, whose statement Defendant Grotefend attempted to change.

3       96.    Another co-worker, Sheriff's Communications Supervisor Barbara

4  Frish, informed Thomas that she expected to be harassed by Defendants for going to

5  a union function with Thomas in lieu of Soria.

6       97.    Defendants intimidated and restrained other employees from

7  participating in union activities associated with Thomas, including Defendants

8  refusal to sign applications for SEIU represented employees within the

9  Communications Bureau to access the SEIU Training funds. Thomas made a

10  complaint about these issues during both County and Sheriff Labor-Management

11  Committee meetings.  On or about March 10, 2010, Defendant Sheriff's Department

12  issued a department memorandum informing SEIU employees in the Sheriff's

13  Department that they could begin accessing the SEIU Training Fund program.

14       98.    Another co-worker, Sheriff's Communications Supervisor Tanya Smith,

15  while trying to file a workplace violence and harassment complaint was informed by

16  Lieutenant Brenda Shinn, on or about September 29, 2010, that whistleblowers are

17  problem employees and the Department should get rid of all of them. On information

18  and belief, Defendants may have been referring to results of a Grand Jury report

19  finding that the Sheriff's Department had a history of retaliating against "whistle

20  blowers." The people referred to in the Grand Jury Report were not blowing the

21  whistle on management about anti-union activities, but had complained about gender

22  and sexual harassment issues, which were other forms of political speech activity.

23

24

25

26

27

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF

126381/598465

# V.    CAUSES OF ACTION

## FIRST CAUSE OF ACTION
### (Violation of U.S. Constitution, Amendment 1 – Freedom Of Association)
### (On Behalf Of All Plaintiffs Against All Defendants)

99.    Plaintiffs hereby incorporate by reference all of the foregoing allegations as if set forth fully herein.

100.    SEIU desires to have its members be able to gather together and promote the activities of SEIU including, but not limited to, organizing County employees, representing County employees in negotiations with the County regarding Collective Bargaining Agreements, and advancing legislative proposals to the California legislature and the County Board of Supervisors that are beneficial to SEIU members, other County employees, and Riverside County residents.

101.    Defendants' Union discrimination policy, practices, and activities that are referenced earlier in this complaint have hindered SEIU and its members from organizing and recruiting other County employees to become members of SEIU and to promote the activities of SEIU.

102.    Defendants' Union discrimination policies and the activities referenced earlier in this complaint, have also violated the right of association guaranteed by the First Amendment to the United States Constitution, which apply to state and local governments through the due process clause of the Fourteenth Amendment.

## SECOND CAUSE OF ACTION
### (Violation of U.S. Constitution, Amendment 1 – Freedom Of Speech)
### (On Behalf Of All Plaintiffs Against All Defendants)

103.    Plaintiffs hereby incorporate by reference all of the foregoing allegations as if set forth fully herein.

104.    SEIU and its members have a constitutional right to free speech in relation to the promotion of activities of SEIU including, but not limited to, organizing County employees, representing County employees in negotiations with

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF

1  the County regarding Collective Bargaining Agreements, filing and processing

2  grievances under the MOU, seeking public information from the County government

3  under the California Public Records Act, filing unfair labor practice charges with the

4  Public Employment Relations Board, filing complaints with the Sheriff's

5  Department utilizing the Sheriff's Department's internal complaint mechanism,

6  filing complaints with Riverside County Human Resources utilizing the County's

7  complaint procedures set forth in Board Policies, and advancing legislative proposals

8  to the California Legislature and the County Board of Supervisors that are beneficial

9  to SEIU's members, Riverside County employees, and Riverside County residents.

10      105.   Defendants' Union discrimination policies, practices, and activities

11  referenced earlier in this complaint, have hindered Thomas, SEIU, and its members

12  from speaking about these matters.

13      106.   Accordingly, defendants' Union discrimination policies, and the actions

14  referenced earlier in this complaint, violate the rights of free speech guaranteed by

15  the First Amendment of the United States Constitution, made applicable to the state

16  and local governments through the due process clause of the Fourteenth

17  Amendment.

18  **THIRD CAUSE OF ACTION**

19  **(Violation of U.S. Constitution, Amendment 1 –**
    **Retaliation for Freedom Of Speech and Freedom of Association Activities)**

20  **(On Behalf Of All Plaintiffs Against All Defendants)**

21      107.   Plaintiffs hereby incorporate by reference all of the foregoing

22  allegations as if set forth fully herein.

23      108.   Defendants retaliated against Thomas and other SEIU members as a

24  direct result of Thomas' exercise of her constitutional rights to free speech and

25  participation in labor, organization, social, and political activities as a member,

26  agent, and regional vice president of SEIU.  Absent said protected speech, plaintiffs

27

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 27 -

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF

1  and plaintiff members, would not have been retaliated against, and would not have

2  suffered adverse employment actions or been injured.

3      109.   The retaliation taken against plaintiff Thomas and SEIU's members

4  evidences the fact that her speech was not required pursuant to her official duties.

5  Her speech was that of a private citizen that fell outside of her official job

6  description.  Plaintiff was not paid or compensated for her speech.

7      110.   The various acts of intimidation, reprisal, retaliation, suppression,

8  and/or restraint exercised by defendants against plaintiffs have created a chilling

9  effect on their legitimate political, social and organizational speech by creating fear,

10  hesitation, hostility, and other destructive responses.

11      111.   In doing the things alleged herein, defendants, and each of them,

12  violated the rights of plaintiffs under the First and Fourteenth Amendment to the

13  United States Constitution to free expression, association and assembly.

14  Specifically, defendants have taken the aforementioned actions against plaintiffs in

15  direct retaliation for and in response to the various protected activities of plaintiffs.

16      112.   The acts and omissions of defendants, and each of them, were done by

17  defendants under color of state law and as policy making authorities to which

18  defendant County delegated its governing powers in the subject matter areas in

19  which these policies were promulgated or decisions taken or customs or practices

20  followed.  The acts and omissions described above were taken by the County's

21  official policymakers as members charged with such responsibility.  It was or should

22  have been plainly obvious to any reasonable policy making official of the County

23  that the acts and omissions of defendants as alleged herein, taken singularly or in

24  conjunction, directly violated and continue to violate plaintiffs' clearly established

25  constitutional statutory rights.  In doing the things alleged herein, defendants acted

26  with malicious intent to violate plaintiffs' rights, or at least conscious, reckless, and

27  callous disregard of plaintiffs' rights and to the injurious consequences likely to

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 28 -

1 result from a violation of said rights. General and special damages are sought

2 accordingly to proof. Punitive damages are sought against the individual defendants,

3 according to proof.

4      113. Plaintiffs have no plain, speedy, nor adequate remedy at law to prevent

5 future violations of their civil rights, and therefore seek extraordinary relief in the

6 form of permanent injunctions, as hereafter described. Damages alone are

7 inadequate and injunctive relief is sought to command defendants to cease from

8 retaliating against plaintiffs' employment with the County.

9 <center>**VI.  PRAYER**</center>

10      WHEREFORE, plaintiffs pray for judgment against the defendants and that

11 the court:

12      1. Adjudge, decree and declare the rights and other legal relations of the

13 parties to the subject matter and claims in controversy in order that such declarations

14 shall have the force and effect of a final judgment and that the Court retain

15 jurisdiction of this matter for the purpose of enforcing the Court's Orders;

16      2. Pursuant to 28 U.S.C. § 2201, declare that the defendants' policies and

17 practices, as alleged above, violate the First and Fourteenth Amendments to the

18 United States Constitution;

19      3. Pursuant to 28 U.S.C. § 2202, F.R.C.P. Rule 65, and 42 U.S.C. U.S.C.

20 § 1983, preliminarily and permanently enjoin the defendants from enforcing their

21 unconstitutional policies and practices against plaintiffs and others similarly

22 situation;

23      4. Pursuant to 42 U.S.C. § 1988, and other applicable law, award the

24 plaintiffs their costs and expenses incurred in bringing this action, including its

25 reasonable attorneys' fees;

26

27

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 29 -

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF

126381/598465

5.      Award plaintiffs Wendy Thomas and SEIU compensatory and punitive damages for the injuries suffered in violation of federal law in an amount to be determined by a jury; and

6.      Grant such other and further relief as the court deems equitable and proper.

## REQUEST FOR JURY TRIAL

Plaintiffs request a jury trial for all issues so triable.

Dated: December 1, 2010

WEINBERG, ROGER & ROSENFELD
A Professional Corporation

By: _____
ALAN G. CROWLEY
Attorneys for Plaintiffs
WENDY THOMAS and SERVICE
EMPLOYEES INTERNATIONAL UNION,
LOCAL 721

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF