WEINBERG, ROGER & ROSENFELD
ALAN G. CROWLEY, Bar No. 203438
GARY P. PROVENCHER, Bar No. 250923
JACOB J. WHITE, Bar No. 263778
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501-1091
Telephone 510.337.1001
Fax 510.337.1023

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| WENDY THOMAS; SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 721,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF RIVERSIDE SHERIFF'S DEPARTMENT; LARRY GROTEFEND; DENNIS ERICK SCHERTELL; RICK HALL, BRIAN McARTHUR; HEATHER WOODS; MARGIE GEMENDE; and DOES 1 through 10,<br><br>Defendants. | No.   ED CV 10-1846 VAP (DTBx)<br><br>JOINTLY CONFIDENTIALITY AND PROTECTIVE ORDER |

FOR GOOD CAUSE SHOWN, **IT IS HEREBY ORDERED** that any person subject to this Order, including without limitation the parties to this action, their representatives, agents, experts, and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order, shall adhere to the following:

1

JOINT STIPULATED PROTECTIVE ORDER
Case No. ED CV 10-1846 VAP (DTBx)

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

126381/631692

In order to protect the interests of the parties in this matter, their officers and agents, and third parties, against the improper use or disclosure of confidential information (such as personnel, employment, or questionably relevant information) and in order to make it easier for the parties to exchange information without excessive redactions, and to reduce the parties need to file discovery related motions, the parties stipulate to the following:

## I.   INTRODUCTION

This Protective Order shall govern documents and information exchanged during the above-captioned matter, including, but not limited to, documents produced by the parties or non-parties, personnel investigations, private or privileged emails, deposition testimony (collectively, "Discovery Material").

## II.   DESIGNATION OF CERTAIN DISCOVERY MATERIAL AS "CONFIDENTIAL"

Discovery Material may be designated "CONFIDENTIAL" if such Discovery Material contains non-public, sensitive, private or confidential information. Such Discovery Material shall be so identified at the time of service of such Discovery Material by including on each page the legend "CONFIDENTIAL." Any document, material, or information designated by a party as "CONFIDENTIAL" must be reviewed only by the attorneys in this case and others as set forth in Section IV of this Order. The designation of any document, material, or information as "CONFIDENTIAL," in the manner described above, shall constitute a certification by the attorney or authorized agents reviewing the material and making such designation that he or she in good faith believes the material is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c).

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

2

JOINT STIPULATED PROTECTIVE ORDER
Case No. ED CV 10-1846 VAP (DTBx)

126381/631692

## III. LIMITATIONS ON ACCESS TO DISCOVERY MATERIAL

Subject to Section IV of this Order, nothing herein shall affect any confidentiality obligations to which the parties may be subject pursuant to agreements independent of this litigation, nor shall anything herein constitute an agreement that such obligations will relieve any party of the obligation to produce Discovery Material.

## IV. LIMITATIONS ON ACCESS TO "CONFIDENTIAL" DISCOVERY MATERIAL

Access to and disclosure of "CONFIDENTIAL" Discovery Material marked and identified in accordance with this Order shall be limited to the Court, its officers and its clerical staff and to the Authorized Personnel. Authorized Personnel are:

(a) Counsel of record for the parties to this lawsuit and Counsel's staff, including paralegal, secretarial, and clerical personnel reasonably necessary to assist such counsel;

(b) Named plaintiff Wendy Thomas;

(c) Technical experts and consultants and their staff who are retained by a party or attorney to assist in this action, but only to the extent reasonably necessary to perform such work. A party desiring to disclose "CONFIDENTIAL" Discovery Material to experts or consultants shall first obtain from each expert or consultant an Acknowledgement in the form provided in Exhibit A, and the attorney for the party shall keep the executed Acknowledgement for a one year period following the final termination of this Civil Action. The disclosing attorney must have a good faith belief that disclosure of such documents to the expert of consultant is necessary for the expert or consultant's review of the issues in this Civil Action.

(d) Employees of outside vendors providing copy services and

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

3

JOINT STIPULATED PROTECTIVE ORDER
Case No. ED CV 10-1846 VAP (DTBx)

126381/631692

1  exhibit preparation services in connection with this litigation provided that each
2  vendor execute an Acknowledgement in the form provided in Exhibit A;
3          (e)     Stenographic reporters and videographers engaged for
4  depositions or proceedings necessary to this action;
5          (f)     Any person(s) who are (i) identified as an author or recipient,
6  including receipt by copy, of any document or information therein and is not
7  otherwise shown prior to such disclosure not to have received the document or
8  information therein or (ii) who has been identified in writing by the designating party
9  as having been provided with the document or information therein.  Such person
10 shall be considered "Authorized Personnel" solely with respect to the specific
11 document or information therein;
12         (g)     Third-party mediators selected by the parties;
13         (h)     Such other persons as hereafter may be designated by written
14 stipulation of the parties filed with the Clerk of the Court or by further Order of the
15 Court.

### V. PARTY'S OWN INFORMATION

The restrictions on the use of Discovery Material established by this Protective Order are applicable only to Discovery Material received by a party from another party or from a non-party as a direct result of this litigation.  A party is obviously free to do whatever it desires with its own Discovery Material.

### VI. PROCEDURE FOR CHALLENGING CONFIDENTIAL DESIGNATION

In the event that the party receiving "CONFIDENTIAL" Discovery Material disagrees with the designation by the producing or designating party, then the parties initially will try to resolve the dispute on an informal basis, within ten (10) business days from the date that the receiving party raises the objection to the

**WEINBERG, ROGER &
ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

4

JOINT STIPULATED PROTECTIVE ORDER
Case No. ED CV 10-1846 VAP (DTBx)

126381/631692

designation (or a mutually agreed upon longer period) in writing.  Any such disputed items shall be treated as "CONFIDENTIAL" as designated, and subject to the protections of this Order unless and until the parties reach an agreement or the Court determines otherwise.  If the parties are unable to resolve their differences, then the objecting party may file a motion requesting disclosure within ten (10) business days after the informal period has concluded (or a longer time period agreed upon by the parties).  In connection with a motion filed under this provision, the party designating the information as "CONFIDENTIAL" shall bear the burden of establishing that good causes exists for the disputed information to be so treated.  Neither party shall be obligated to challenge the propriety of a "CONFIDENTIAL" designation, and failure to do so shall not constitute an admission that any Discovery Material is in fact "CONFIDENTIAL".  Discovery Material marked and identified in accordance with this Protective Order shall remain subject to the terms of this Protective Order unless otherwise agreed by the producing party or ordered by the Court.

## VII. ADDITIONAL PROTECTIONS

(a)	This Protective Order shall not preclude any party from seeking additional protection with respect to the confidentiality of Discovery Material as that party deems appropriate.  Nor shall any party be precluded from seeking an order from the Court permitting the disclosure or use of certain Discovery Materials otherwise prohibited by this Protective Order;

(b)	Nothing herein shall prevent the parties from mutually agreeing in writing to the use or disclosure of "CONFIDENTIAL" Discovery Material other than as permitted by this Order;

(c)	If the Court orders that access to or dissemination of any type of Discovery Material shall be had by or made to persons not included in Section IV above, such matters shall only be accessible to, or disseminated to, such persons

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

5

JOINT STIPULATED PROTECTIVE ORDER
Case No. ED CV 10-1846 VAP (DTBx)

126381/631692

based upon the conditions pertaining to, and the obligations arising from, this Order, and such persons shall sign an Acknowledgment as provided for in Exhibit A of this Order, and in all other respects shall be considered subject to it; and

    (d)    If it becomes necessary for counsel for a party receiving "CONFIDENTIAL" Discovery Material to seek the assistance of any person other than those specified in Section IV above, the following procedures shall be employed:

    (1)    Counsel for the receiving party shall notify, in writing, counsel for the producing party of the desire to disclose such "CONFIDENTIAL" Discovery Material and shall identify the person(s) to whom counsel intends to make such disclosure;

    (2)    If no objection to such disclosure is made by counsel for the producing party within five (5) business days of such notification, counsel for the receiving party shall be free to make such disclosure to the designated person(s); provided, however, that counsel for the receiving party shall serve upon opposing counsel, prior to disclosure, an Acknowledgment in the form set forth in Exhibit A whereby such persons agree to comply with and be bound by this Stipulated Protective Order;

    (3)    If the producing party objects to such disclosure, no disclosure shall be made at that time. However, any party may bring before the Court the question of whether the particular "CONFIDENTIAL" Discovery Material can be disclosed to the designated person(s) and the party making the designation shall have the burden of establishing before the Court the necessity for such designation.

    (e)    And information produced as "CONFIDENTIAL" shall only be permitted for use in this litigation. At the time the litigation becomes final, each

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

6

JOINT STIPULATED PROTECTIVE ORDER
Case No. ED CV 10-1846 VAP (DTBx)

126381/631692

party will return all copies of discovery marked confidential.

## VIII. <u>INADVERTANT DISCLOSURE</u>

(a) If, through inadvertence, a producing party provides any "CONFIDENTIAL" Discovery Material in this litigation without marking the information as "CONFIDENTIAL", the producing party may subsequently inform the receiving party in writing of the "CONFIDENTIAL" nature of the disclosed information, and the receiving party shall treat the disclosed information in accordance with this Order after receipt of such written notice and make reasonable efforts to retrieve any such material that has been disclosed to persons not authorized to receive the material under the terms hereof.  A party objecting to any such "CONFIDENTIAL" designation shall follow the procedures set forth in Section X above.  Prior disclosure of material later designated as "CONFIDENTIAL" shall not constitute a violation of this Order.

(b) If "CONFIDENTIAL" Discovery Material is disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the producing party and, if appropriate, to the Court and, without prejudice to other rights and remedies of any party, take reasonable and appropriate measures to prevent further disclosure by it or by the person who was the recipient of such information.

(c) If a disclosing party through inadvertence produces or provides Discovery Material that it believes is subject to a claim of attorney-client privilege, work product immunity, or any other privilege, the disclosing party may give written notice to the receiving party that the Discovery Material is deemed privileged and that return of the Discovery Material is requested.  Upon such written notice, the receiving party shall immediately gather the original and all copies of the Discovery Material of which the receiving party is aware and shall immediately return the

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

1  original and all such copies to the disclosing party.  Return of this Discovery
2  Material by the receiving party shall not preclude the receiving party from later
3  moving the Court to compel production of the returned Discovery Material.

## IX.   MATERIALS NOT DESIGNATED CONFIDENTIAL

Notwithstanding the designation and protection of any materials as "CONFIDENTIAL" Discovery Material, such Discovery Material shall not be deemed confidential and shall not be subject to this Order, if the content and/or substance thereof:

(a) is, at the time of disclosure, in the public domain by publication or otherwise and is not otherwise protected from disclosure as a result;

(b) becomes at any time, through no act or failure to act on the party of the recipient party, part of the public domain by publication or otherwise;

(c) is already in the possession of a party at the time of disclosure by the other party and was acquired other than directly or indirectly from the disclosing party under conditions requiring the confidential treatment of the material; or

(d) is made available to a party by a third-party who obtained the same by legal means and without any obligation of confidence to the party claiming its confidential nature.

## X.   RETURN OF DISCOVERY MATERIAL

After this case is completed, including the exhaustion of all appeals, each party, unless otherwise agreed in writing by counsel for the parties, shall have thirty (30) calendar days to notify the other party in writing whether it wants (1) the return of its produced materials designated as "CONFIDENTIAL including all copies, extracts, and summaries thereof; or (2) the destruction of these materials by the

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

8

JOINT STIPULATED PROTECTIVE ORDER
Case No. ED CV 10-1846 VAP (DTBx)

126381/631692

party, person, or firm in possession.  Any documents, copies, extracts or summaries that constitute attorney work product may be retained by counsel or destroyed.  The return or destruction of these materials shall occur within thirty (30) days after this written notice is received.  The party returning or destroying materials under this paragraph shall provide a written certificate to the producing party attesting to the return or destruction of all designated materials.

## XI.  WAIVER OR TERMINATION

The provisions of this Protective Order may not be modified, waived or terminated except by the written stipulation of counsel or order of the Court.  This Order shall survive the final termination of this proceeding with respect to any retained "CONFIDENTIAL" Discovery Material.  Termination of the proceedings shall not relieve any person from the obligations of this Protective Order, unless the Court orders otherwise.  The Court shall retain jurisdiction to enforce the Protective Order despite the termination of this lawsuit.

## XII.  NOTICES

All notices required by this Protective Order are to be served via facsimile or pdf to the outside counsel for the parties. The date by which a party to this action receiving the notice shall respond, or otherwise take action, shall be computed from the date indicating that the facsimile was received.  Any of the notice requirements herein may be waived in whole or in part, but only in writing signed by an attorney for the party designating Discovery Material under this Order.

## XIII. OTHER PROCEEDINGS

The parties understand and agree that the primary purpose of this protective order is to limit the use of confidential information disclosed in discovery of this

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

9

JOINT STIPULATED PROTECTIVE ORDER
Case No. ED CV 10-1846 VAP (DTBx)

126381/631692

case for use in this case only.  Any person or party subject to this Order who receives a written request, subpoena, or court order seeking disclosure of another party's "CONFIDENTIAL" Discovery Material, such person shall promptly (no more than five (5) business days after receipt) notify counsel for the producing party of the request, subpoena, or court order and shall provide a copy of the same.

This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

Dated this 22 nd day of August, 2011.

_____
United States Magistrate Judge

Dated: August       , 2011

Respectfully Submitted,

_____
ALAN G. CROWLEY
Attorney for Plaintiffs
WENDY THOMAS
SEIU, LOCAL, 721


The Zappia Law Firm
A Professional Corporation


_____
EDWARD P. ZAPPIA
Day B. Hadaegh
Attorneys for Defendants
COUNTY OF RIVERSIDE, et al

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

10

JOINT STIPULATED PROTECTIVE ORDER
Case No. ED CV 10-1846 VAP (DTBx)

126381/631692